UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| SAMUEL CUNNINGHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | No. ___7:20-cv-0106_____ |
| v. | § | |
| | § | |
| CIRCLE 8 CRANE SERVICES, LLC; | § | |
| BRYAN ERICSON; and PHILLIP L. | § | |
| BRYSON | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Samuel Cunningham (referred to as "Plaintiff" or "Cunningham") brings this action under 29 U.S.C. §216(b) and 29 U.S.C. § 211(a)(3) against Defendants Circle 8 Crane Services, LLC ("Circle 8"), Bryan Ericson ("Ericson") and Phillip L. Bryson ("Bryson") (referred to as "Defendants"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1.     Cunningham's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.     The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA

defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3.      Defendants violated the FLSA by employing Cunningham "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4.      Defendants violated the FLSA by failing to maintain accurate time and pay records for Cunningham as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5.      Additionally, Defendants violated the FLSA by retaliating against Cunningham after he complained about not being paid properly.  29 U.S.C. § 215(a)(3).

## II.  Jurisdiction & Venue

6.      The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7.      Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1), (2) because Defendants reside in the Midland Division of the Western District of Texas and/or a substantial part of the events or omissions giving rise to Cunningham's claims occurred in the Midland Division of the Western District of Texas.

### III.  Parties

8.      Plaintiff Samuel Cunningham is an individual who resides in Upshur County, Texas and who was employed by Defendants during the last three years.

9.      Defendant Circle 8 Crane Services, LLC is a foreign limited liability company that may be served with process by serving its registered agent:

Phillip L. Bryson
3174 County Rd. 48
Robstown, Texas 78380

Alternatively, if the registered agent of Circle 8 Crane Services, LLC cannot with reasonable diligence be found at the company's registered office, Circle 8 Crane Services, LLC may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

10.     Defendant Bryan Ericson is an individual and may be served with process at:

Bryan Ericson
3174 County Rd. 48
Robstown, Texas 78380

Alternatively, Bryan Ericson may be served with process pursuant to the TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business, he transactions in this state.

11.     Defendant and Phillip L. Bryson is an individual and may be served with process at:

Phillip L. Bryson
3174 County Rd. 48
Robstown, Texas 78380

Alternatively, Bryan L. Ericson may be served with process pursuant to the TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business, he transactions in this state.

12.     Whenever it is alleged that Circle 8 Crane Services, LLC committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Circle 8 Crane Services, LLC or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

13.     Circle 8 provides mobile cranes and operators for hire; it does business in the territorial jurisdiction of this Court.

14.     Circle 8 employed Cunningham as a crane mechanic from approximately 2017 through March 2020.

15.     Cunningham's primary duties were nonexempt.

16.     As a crane mechanic, Cunningham was primarily responsible for maintaining and repairing cranes.

17.     Cunningham's primary duties did not include office or nonmanual work.

18.     Cunningham's primary duties were not directly related to the management or general business operations of Circle 8 or its customers.

19.     Cunningham's duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

20.     Cunningham did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties.

21.     Cunningham did not have the discretion or authority to make any decisions with respect to matters of significance.

22.     Instead, Cunningham was required to follow the policies, practices and procedures set by Circle 8.

23.     Cunningham did not have any independent authority to deviate from these policies, practices and procedures.

24.     During Cunningham's employment with Circle 8, he was engaged in commerce or the production of goods for commerce.

25.     During Cunningham's employment with Circle 8, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

26.     During Cunningham's employment with Circle 8, the company had an annual gross volume of sales made or business done of at least $500,000.

27.     In around 2018, Circle began paying Cunningham on a salary basis for sixty hours of work each week.

28.     During Cunningham's employment with Circle 8, he regularly worked in excess of forty hour per week; in fact, Cunningham was often scheduled to work at least seventy (or more) hours per week.

29.     Circle 8 knew or reasonably should have known that Cunningham worked in excess of forty hours per week.

30.     Circle did not pay Cunningham overtime "at a rate not less than one and one-half times the regular rate at which [he was] employed."  29 U.S.C. § 207(a)(1).

31.     Instead, Circle 8 paid Cunningham a fixed sum of money for sixty hours of work each week.

32.     Additionally, Cunningham was not paid anything for hours worked beyond sixty each workweek violation of 29 CFR § 778.325.

33.     In other words, Circle 8 paid Cunningham for the overtime that he worked at a rate less than one and one-half times the regular rate at which he was in employed in violation of the FLSA.

34.     Circle 8 knew or reasonably should have known that Cunningham was not exempt from the overtime provisions of the FLSA.

35.     Circle 8 failed to maintain accurate time and pay records for Cunningham as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

36.     Circle 8 knew or showed a reckless disregard for whether its pay practices violated the FLSA.

37.     Beginning in early March of 2020, Cunningham confronted his supervisor Larry Worrell and Circle 8's President, Bryan Ericson, about not getting paid overtime and having to work for free.

38.     In retaliation, Circle 8 cut off his fuel card and credit card and offered him a reduction in pay.

39.     Knowing that his days were numbered with Circle 8 as a result of his complaints, Cunningham tendered his two-week notice of resignation on March 27, 2020.

40.     Mr. Worrell immediately threatened to sue Cunningham for (allegedly) violating his non-compete agreement if resigned.

41.     When Mr. Cunningham refused to rescind his two-week resignation, Circle 8 terminated him.

42.     Circle 8 made good on its threat to sue Cunningham.  On April 27, 2020, in the midst of a worldwide pandemic and historic unemployment rates, Circle 8 filed suit against Cunningham for alleged violation of his non-compete of agreement, including a request for temporary restraining order, in the matter styled, No. 2020-26023; *Circle 8 Crane Services, LLC v. Samuel Cunningham*; In the District Court of Harris County Texas, 189th Judicial District.

43.     On April 28, 2020, after arguments from counsel for both Circle 8 and Cunningham, Harris County District Judge Steven Kirkland denied Circle 8's request for a temporary restraining order in all respects.

44.     The very next day in an attempt to get a second bite at the apple, Circle 8 dismissed its lawsuit pending in the District Court of Harris County Texas and refiled the same lawsuit, including a request for a temporary restraining order in the Midland County District Court.

45.     All of Circle 8's actions, including the forum shopping, following Cunningham's complaints regarding his unpaid overtime all amount to retaliation.

46.     Circle 8 is liable to Cunningham for his unpaid overtime wages, lost wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## V.  Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

47.     Cunningham adopts by reference all of the facts set forth above.  *See*, Fed. R. Civ. P. 10(c).

48.     During Cunningham's employment with Circle 8, he was a nonexempt employee.

49.     As a nonexempt employee, Circle 8 was legally obligated to pay Cunningham "at a rate not less than one and one-half times the regular rate at which [he was] employed[]" for the hours that he worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

50.     Circle 8 did not pay Cunningham overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

51.     Instead, Circle 8 paid Cunningham a fixed sum of money for sixty hours of work each week.

52.     Further, Cunningham was not paid anything for hours that he worked beyond sixty each workweek violation of 29 CFR § 778.325.

53.     In other words, Circle 8 paid Cunningham for the overtime that he worked at a rate less than one and one-half times the regular rate at which he was in employed in violation of the FLSA.

54.     If Circle 8 classified Cunningham as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

55.     Circle 8 knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA; in other words, Circle 8 willfully violated the overtime requirements of the FLSA.

## VI.  Count Two—
### FLSA Retaliation in Violation of 29 U.S.C. § 211(a)(3)

56.     Cunningham adopts by reference all of the facts set forth above.  *See*, Fed. R. Civ. P. 10(c).

57.     The FLSA prohibits any person from discharging or in any other manner discriminating against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA. 29 U.S.C. § 215(a)(3).

58.     In addition to the pay violations described above, Circle 8 violated the FLSA by retaliating against Cunningham after he complained about his unpaid overtime and having to work for free.

59.     Beginning in early March of 2020, Cunningham confronted his supervisor Larry Worrell and Circle 8's President, Bryan Ericson, about not getting paid overtime and having to work for free.

60.     In retaliation, Circle 8 cut off his fuel card and credit card and offered him a reduction in pay.

61.     Knowing that his days were numbered with Circle 8 as a result of his complaints, Cunningham tendered his two-week notice of resignation on March 27, 2020.

62.     Mr. Worrell immediately threatened to sue Cunningham for (allegedly) violating his non-compete agreement if resigned.

63.     When Mr. Cunningham refused to rescind his two-week resignation, Circle 8 terminated him.

64.     Circle 8 made good on its threat to sue Cunningham.  On April 27, 2020, in the midst of a worldwide pandemic and historic unemployment rates, Circle 8 filed suit against Cunningham for alleged violation of his non-compete of agreement, including a request for temporary restraining order, in the matter styled, No. 2020-26023; *Circle 8 Crane Services, LLC v. Samuel Cunningham*; In the District Court of Harris County Texas, 189th Judicial District.

65.     On April 28, 2020, after arguments from counsel for both Circle 8 and Cunningham, Harris County District Judge Steven Kirkland denied Circle 8's request for a temporary restraining order in all respects.

66.     The very next day in an attempt to get a second bite at the apple, Circle 8 dismissed its lawsuit pending in the District Court of Harris County Texas and refiled the same lawsuit, including a request for a temporary restraining order in the Midland County District Court.

67.     All of Circle 8's actions, including the forum shopping, following Cunningham's complaints regarding his unpaid overtime all amount to retaliation.

68.     As a result, Circle 8 is liable to Cunningham "for such legal or equitable relief as may be appropriate to effectuate the purposes of [the anti-retaliation provisions of the FLSA], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

## VII.  Prayer

69.     Cunningham prays for the following relief:

    a.     judgment awarding Cunningham all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

    b.     judgment awarding Cunningham all lost wages, liquidated damages, reinstatement, attorneys' fees and costs;

    c.     postjudgment interest at the applicable rate; and

    d.     all such other and further relief to which Cunningham may show herself to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _____

Melissa Moore
State Bar No. 24013189
Curt Hesse
State Bar No. 24065414
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF
SAMUEL CUNNINGHAM**